Dermot Givens SBN 194571
433 N. Camden, Ste 600
Beverly Hills, CA 90210
(310) 854-8823
(323) 878-0416 fax
Attorney in Pro Per

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CALIFORNIA

IN RE THE ESTATE OF          ) NOTICE OF FILING
      DEATH ROW, INC.,       ) REMOVAL OF STATE
                           ) COURT ACTION
                           )
                           )
                           ) Case No 2: 06-11205-VZ
                           ) Chapt. 11
_____ ) L.A.S.C. Case No. BC340196

### NOTICE OF REMOVAL OF STATE COURT ACTION
(Removed from Los Angeles County Superior Court, Case No. BC 340196)

To: The Honorable Judge of the United States Bankruptcy Court.

Pursuant to Title 28, USC, Sect. 1452 and F.R.B.P. this application is made for removal of a civil action entitled Wasserman, Comden, Casselman & Pearson v. Lydia Harris, et al...Case No. BC 340196 now pending in the Superior Court of California, Los Angeles County. This removal is based on the following facts:

1. Lydia Harris filed for bankruptcy in 1996; Case No SV96-15521GM.

2. Lydia Harris nor her attorneys Wasserman, Comden, Casselman & Pearson (WCCP) sought or were granted permission from the bankruptcy court to litigate any claims on behalf of the bankrupt estate against debtor Marion Knight.

3. The bankruptcy action was closed prior to her allegedly entering into an agreement with WCCP and without disclosure to the bankruptcy court of any alleged claims.

4. Thus, Lydia Harris did not have the standing to enter into a contract with WCCP to pursue claims against debtor Marion Knight.

Notice of Removal of State Court Action

1    5. However, without standing and without disclosure, WCCP allegedly entered into an
2  agreement in 2002 with Lydia Harris to pursue those claims, which would have been a
3  core proceeding of the Harris bankruptcy action and obtained a judgment against debtor
   Marion Knight.
4    6. Subsequently in 2005, WCCP filed and action, BC 340196, against Lydia Harris,
5  Givens and debtor Marion Knight in the Superior Court of California based on the
   alleged claims that if known and disclosed to the bankruptcy court would have been part
6  of the core proceedings of the Harris bankruptcy action.
7    7. All actions against debtor Marion Knight were stayed as a result of this bankruptcy
   action. However WCCP has pursued litigation against Givens which the
8  Knight estate has been unable to assert defenses and which findings may be used to
   preclude future defenses of the Knight estate.
9    8. Subsequently, the Harris bankruptcy court, upon learning of the claims asserted by
10  Lydia Harris, granted a petition to reopen the bankruptcy action and has appointed a
11  bankruptcy trustee for the Lydia Harris bankrupt estate.
12    9. Givens sought removal to the Lydia Harris bankruptcy action.
13    10. The court remanded the action in order for the state court to rule on the matters
14  presented.
15    11. A hearing is set in the superior court on January 2, 2008.
16    12. However, WCCP has proceeded in their litigation against Givens which may be used
17  as res judicata against debtor and debtors estate.
18    13. Trustees for the estate have written Givens (attached) as notice that the stay is
19  imposed against Givens.
20
21
22
23
24
25
26
27
28

Dermot Givens moves to have the WCCP civil action removed to the Death Row
Bankruptcy court for determination of the issues presented including application of the
stay.

A true and correct copy of the COMPLAINT and the FIRST AMENDED
COMPLAINT, BC 340196 is attached. Givens had made inquiry to the bankruptcy
trustee and the clerk of the Superior Court as to the proper procedure for submitting true
and correct copies of all other process' and pleadings filed and served in the Civil Action
that may be required by the Bankruptcy Court.


Dated: 12/20/07



_____
Attorney for Applicant Attorney, in Pro Per

---

Notice of Removal of State Court Action

PROOF OF SERVICE
(notice of removal)


Helen Frazier                                    (Bankruptcy estate Trustee)
Atkinson, Andelson, Loya, Ruud & Romo
17871 Park Plaza Dr., Ste. 200
Cerritos, CA 90703

Sharon Wiess                                     (Bankruptcy counsel for
1925 Century Park East, Ste. 1150                   Lydia Harris)
LA.,CA 90067

Peter Ezzel                                      (Counsel for WCCP)
Haight Brown & Bonesteel
6080 Center Dr., Ste. 800
LA., CA 90045

Dan McCarthy
Hill, Ferrar & Burril
300 Grand Ave., 37th fl.
LA., CA 90071

Superior Court of California, LA County
Judge Kalin, Dept 3
111 N. Hill St.
LA., CA 90012

Peter Gurfein
Akin Gump & Strauss
2029 Century Park East, Ste. 2400
LA., CA 90067

Kaye Scholer
1999 Avenue of the Stars, Ste. 1700
LA., CA 90067

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Dermot Givens  SBN#194571<br>433 Camden.,Ste 600<br>Beverly HIlls, Ca 90210<br><br>310.854-8823<br><br><br>*Attorney for Plaintiff* in Pro Per | |

| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
|---|---|

| In re: Estate of Death Row Records, Inc. | CHAPTER  11 |
|---|---|
| | CASE NUMBER 2:06-11205 VZ |
| Debtor. | ADVERSARY NUMBER |
| Lydia Harris, et al...<br><br>Plaintiff(s), | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)* |
| vs.<br>Kevin Gilliam., et al..<br>Defendant(s). | **SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint.  You must also send a copy of your written response to the party shown in the upper left-hand corner of this page.  Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|

☒  **255 East Temple Street, Los Angeles**        ☐  **411 West Fourth Street, Santa Ana**

☐  **21041 Burbank Boulevard, Woodland Hills**    ☐  **1415 State Street, Santa Barbara**

☐  **3420 Twelfth Street, Riverside**

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference.  Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval.  The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**


By: _____
        *Deputy Clerk*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*Revised December 1998 (COA-SA)*                                          **F 7004-1**

Summons and Notice of Status Conference - *Page 2*                **F 7004-1**

| In re  Estate of Death Row Records, Inc. | CHAPTER 11 |
|---|---|
| Debtor. | CASE NUMBER 2:06-11205 VZ |

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF _____

1.   I am employed in the County of _____, State of California.  I am over the age of 18 and not a party to the within action.  My business address is as follows:

2.   ☐   **Regular Mail Service:** On _____, I served the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, on the Defendant(s) at the following address(es) by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at _____, California, addressed as set forth below.

3.   ☐   **Personal Service:** On _____, personal service of the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, was made on the Defendant(s) at the address(es) set forth below.

4.   Defendant(s) and address(es) upon which service was made:

☐  Names and Addresses continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:

_____                    _____
*Type Name*                                                              *Signature*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*Revised December 1998 (COA-SA)*                                                          **F 7004-1**

1

2

3

4

5

PROOF OF SERVICE
(notice of removal)

6

7

8

Helen Frazier                                    (Bankruptcy estate Trustee)
Atkinson, Andelson, Loya, Ruud & Romo
17871 Park Plaza Dr., Ste. 200
Cerritos, CA 90703

9

10

Sharon Wiess                                     (Bankruptcy counsel for
1925 Century Park East, Ste. 1150                 Lydia Harris)
LA.,CA 90067

11

12

13

Peter Ezzel                                      (Counsel for WCCP)
Haight Brown & Bonesteel
6080 Center Dr., Ste. 800
LA., CA 90045

14

15

16

Dan McCarthy
Hill, Ferrar & Burril
300 Grand Ave., 37th fl.
LA., CA 90071

17

18

19

Superior Court of California, LA County
Judge Kalin, Dept 3
111 N. Hill St.
LA., CA 90012

20

21

22

Peter Gurfein
Akin Gump & Strauss
2029 Century Park East, Ste. 2400
LA., CA 90067

23

24

25

26

27

28

---

Notice of Removal of State Court Action

PRINTED ON

Exhibit
1

# KAYE SCHOLER LLP

1999 Avenue of the Stars
Suite 1700
Los Angeles, California  90067-6048
310 788-1000
Fax 310 788-1200
www.kayescholer.com

Ronald L. Leibow
(310) 788-1220
Fax (310) 229-1820
rleibow@kayescholer.com

December 17, 2007

VIA FACSIMILE [(323) 878-0416] AND
REGULAR UNITED STATES MAIL

Dermot D. Givens, Esq.
433 Camden Drive, Suite 600
Beverly Hills, CA 90210

Re:     Lydia Harris, et al vs. Marion H. Knight, et al
        Pending in the Superior Court, State of California, For the County of Los Angeles,
        Case No. BC 268857 ("The Superior Court Action")

Dear Mr. Givens:

As you may be aware, this firm is counsel to R. Todd Neilson, Trustee in the Chapter 11 case of
Death Row Records, Inc. pending in the United States District Court, Central District of
California, bearing case number LA 2:06-11205 VZ (the "Death Row Case"). A separate
Chapter 11 case is also pending in the same court for Marion Knight, Jr., bearing case number
2:06-11187 VZ, in which the Trustee is Richard Diamond (the "Knight Case").

Although neither Mr. Neilson nor Mr. Diamond, nor their counsel, have been served, we have
been informed by other parties that you recently filed in the State Court Action an "Ex
parte Motion to Intervene and Set a Hearing for a Motion to Set-Aside Judgment Based on
Judicial Estoppel" (the "Givens Motion"). This letter is addressed to you for the purpose of
requesting that you promptly withdraw the Givens Motion (without prejudice, if you so elect).

A consequence of the pendency of the Death Row Case and the Knight Case is the effectiveness
of 11 U.S.C. §362(a), which automatically stays the continuation of any action or proceeding
against the debtor that was commenced before the commencement of the bankruptcy case of the
debtor. While your motion is not directed "against" the debtors in the Death Row Case and the
Knight Case, the Superior Court Action, however, is indeed an action that was pending against
both debtors in the Death Row and Knight Cases at the time of the filing of the respective chapter
11 petitions in both cases, which occurred on or about April 4, 2006. The §362(a) stays remain
in effect until and unless, for all relevant purposes, the Bankruptcy Court in these cases
terminates or modifies the stays in such a manner as to permit all or some appropriate aspect of
the Superior Court Action to continue. There having been no such order or orders entered, the
stays of the Superior Court Action remain in effect.

NEW YORK    CHICAGO    LOS ANGELES    WASHINGTON, D.C.    WEST PALM BEACH    FRANKFURT    LONDON    SHANGHAI

23235554.WPD

# KAYE SCHOLERᴸᴸᴾ

Dermot D. Givens, Esq.
December 17, 2007
Page 2

Accordingly, demand is hereby made upon you to immediately withdraw the Givens Motion
(with or without prejudice), and to refrain from proceeding on any basis in the Superior Court
Action unless and until you obtain an appropriate relief from stay from the Bankruptcy Court in
each of the Death Row and Knight Cases.

I am informed that you have obtained a hearing date of January 2, 2008 for the Givens Motion. It
is, therefore, incumbent upon you to promptly withdraw the Givens Motion. Should you fail to
do so by Wednesday, December 19, 2007, both of the Trustees in the Death Row and Knight
Cases will be required to and will file with the Superior Court in the Superior Court Action a
Notice of Automatic Stay, defend the stay to the extent necessary before the Superior Court, and
take such other and further actions as the Trustees deem necessary or appropriate, including
seeking costs (including attorneys fees) incurred in protecting and preserving the automatic stay.

If you have any questions, please do not hesitate to call me (at the number noted above) or
counsel for the Trustee in the Knight Case (Eric Israel, Esq. who can be reached at (310) 277-
0077).

Sincerely,

Ronald L. Leibow

cc:     Eric Israel, Esq.
        Daniel McCarthy, Esq.
        Steven Goldberg, Esq.
        Sharon Weiss, Esq.
        Peter Gurfein, Esq.
        Patrick McClellan, Esq. [Fax: (949) 851-2972]
        R. Todd Neilson
        Richard Diamond, Esq.

Exhibit

2

ORIGINAL

1  PETER EZZELL (Bar No. 53497)
   NANCY E. LUCAS (Bar No. 126854)
2  **HAIGHT, BROWN & BONESTEEL, LLP**
   6080 Center Drive, Suite 800
3  Los Angeles, CA 90045-1574
   Telephone: (310) 215-7100
4  Facsimile: (310) 215-7300

5  Attorneys for Plaintiff, WASSERMAN,
   COMDEN, CASSELMAN & PEARSON,
6  L.L.P.

7

8

**FILED**
LOS ANGELES SUPERIOR COURT

SEP 2 1 2005

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK
BY_____
           J. SUNGA, DEPUTY

Case assigned to
Judge *Dave Workshi!*

9

8        SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10

11  WASSERMAN, COMDEN,
    CASSELMAN & PEARSON, L.L.P.,
12
              Plaintiff,
13
         vs.
14
    LYDIA HARRIS;
15  LIFESTYLE RECORDS, INC.;
    NEW IMAGE MEDIA CORP.;
16  MARION H. KNIGHT, aka SUGE
    KNIGHT;
17  DEATH ROW RECORDS, INC.;
    DEATH ROW RECORDS, L.L.C.;
18  THA ROW, INC.;
    DERMOT GIVENS;
19  KEVIN GILLIAM aka BATTLECAT; and
    DOES 1 through 100, Inclusive,
20
              Defendants.
21

CASE NO.  BC340196

**COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF BASED UPON:**

(1)  **BREACH OF CONTRACT;**
(2)  **QUANTUM MERUIT;**
(3)  **MONEY HAD AND
     RECEIVED;**
(4)  **ACCOUNTING;**
(5)  **INTERFERENCE WITH
     CONTRACT;**
(6)  **EQUITABLE ASSIGNMENT
     OF JUDGMENT;**
(7)  **DECLARATORY RELIEF;**
(8)  **FRAUD AND DECEIT**

22

23  PLAINTIFF ALLEGES:

24

25  ///

26  ///

27  ///

28  ///

726070.1

CIT/CASE: BC340196 LEA/DEF#:
RECEIPT #: CCH28010AD39
DATE PAID: 09/21/05
PAYMENT: $299.50
RECEIVED:
  CHECK:
  CASH:
  CHANGE:    299.50
  CHG#:                0310

## FIRST CAUSE OF ACTION

## FOR BREACH OF CONTRACT

### (Against Lydia Harris, Lifestyle Records, Inc., New Image Media Corp. and Does 1 through 25, Inclusive)

1.     Plaintiff, WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P. (hereinafter "WCCP") is a limited liability partnership organized and existing under the laws of the State of California with its principal place of business in Tarzana, California.

2.     Defendants LYDIA HARRIS (hereinafter "HARRIS"), MARION H. KNIGHT, aka SUGE KNIGHT (hereinafter "KNIGHT"), DERMOT GIVENS (hereinafter "GIVENS") and KEVIN GILLIAM aka BATTLECAT (hereinafter "GILLIAM") are individuals who, at material times to the Complaint, resided in Los Angeles County, California.

3.     Plaintiff is informed and believes and thereon alleges that the remaining defendants, LIFESTYLE RECORDS, INC., NEW IMAGE MEDIA CORP., DEATH ROW RECORDS, INC., DEATH ROW RECORDS, L.L.C., and THA ROW, INC. are business entities who were or are authorized to transact business in the State of California.

4.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 100 and therefore sues these defendants by such fictitious names. Plaintiff will amend this pleading to allege the true names and capacities of such Does when ascertained.  The conduct of Does 1 through 100 proximately caused damages to plaintiff as alleged herein.  DOES 1 through 25 are the alter egos of LYDIA HARRIS, LIFESTYLE RECORDS, INC. and NEW IMAGE MEDIA CORP. (hereinafter "The HARRIS Defendants").  DOES 26 through 50 are the alter egos of MARION H. KNIGHT, aka SUGE KNIGHT and DEATH ROW RECORDS, INC. (hereinafter "The KNIGHT

726070.1

1  Defendants"). DOES 51 through 75 are the alter egos of GILLIAM. Does 76-100 are the

2  persons and entities that knowingly interfered with plaintiff's contractual lien rights.

3

4      5.    On or about June 25, 2002, plaintiff and defendant HARRIS entered into a

5  written Contingency Fee Agreement in Los Angeles County, California whereby plaintiff

6  agreed to represent HARRIS in connection with liability claims against MARION H.

7  KNIGHT, aka SUGE KNIGHT and his related entity DEATH ROW RECORDS, INC, and

8  in connection with liability claims against GILLIAM.

9

10     6.    The material terms of the Contingency Fee Agreement state that WCCP is

11  authorized to incur reasonable costs and expenses in performing legal services and that

12  "[HARRIS] agrees to reimburse [WCCP] for such costs and expenses in addition to the

13  contingency fee . . ."

14

15     7.    HARRIS negotiated a forty percent (40%) contingency fee and

16  acknowledged that the fee arrangement is fair and reasonable.

17

18     8.    HARRIS specifically agreed to an attorneys' lien "to secure payment to

19  Attorney of all sums due under this Agreement for services rendered or costs advanced,

20  Client hereby grants Attorney a lien on Client's claim and any cause of action or lawsuit

21  filed thereon, and to any recovery Client may obtain, whether by settlement, judgment or

22  otherwise."

23

24     9.    Plaintiff has performed all conditions, covenants and promises of the

25  Agreement. On February 26, 2002, plaintiff prepared and filed a complaint for damages

26  on behalf of The HARRIS Defendants, Los Angeles Superior Court Case Number

27  BC268857.

28

726070.1

3

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

10.    Plaintiff prosecuted the HARRIS lawsuit from February 26, 2002 through March 9, 2005 when the Court entered judgment in favor of HARRIS and her related business entity NEW IMAGE MEDIA CORP. and against The KNIGHT Defendants in the sum of $107 million ($45 million for economic damages, $2 million for non-economic damages and $60 million for punitive damages). A copy of the Judgment is attached hereto and incorporated herein by reference as Exhibit "A." In addition, on March 26, 2004, the Court entered judgment in favor of HARRIS and her related business entity NEW IMAGE MEDIA CORP. and against GILLIAM in the sum of $760,000 plus interest. (Exhibit "B.")

11.    On or about May 19, 2005, HARRIS discharged plaintiff as her attorney. On or about May 20, 2005, HARRIS filed a Substitution of Attorney with the Court indicating that she was representing herself.

12.    On May 19, 2005, plaintiff filed and served on defendants a Notice of Attorney Lien equal to forty percent (40%) of any and all gross recovery, payments or consideration of any kind or nature paid or transferred in satisfaction, in whole or in part, of the Judgment against KNIGHT, et al. entered in LASC Case No. BC268857 (40% of $107 million plus interest accruing at the rate of $29,315.00 per day) plus costs expended in the sum of $213,890.27. (Exhibit "C.") On September 9, 2005, plaintiff filed and served on GILLIAM a Notice of Lien in the sum of $304,000.00 plus interest. (Exhibit "D.")

13.    On June 17, 2005, HARRIS filed with the Court a "Notice of Settlement" which represents that HARRIS and KNIGHT had agreed to a conditional settlement on "specified terms that are not to be performed within 45 days of the settlement." (Exhibit "E.") The Notice is dated May 18, 2005 (one day <u>before</u> plaintiff was discharged). That notice also states that a Request for Dismissal will be filed no later than May 27, 2005 (40

726070.1

1  days earlier). Notice of Settlement was filed with the Court. By the terms of the "Notice
2  of Settlement," the negotiations and settlement itself occurred without plaintiff's
3  knowledge when plaintiff was counsel of record for HARRIS. None of the defendants
4  notified plaintiff of any such negotiations or settlement. The defendants affirmatively
5  concealed the fact of such negotiations and the settlement terms in order to deprive
6  plaintiff of earned fees and reimbursement of costs advanced.

7

8      14.    It was reported on August 29, 2005 in the Los Angeles Times that HARRIS
9  has received the sum of $1.2 million as a result of the lawsuit. Plaintiff has received no
10 compensation for professional services rendered. Plaintiff has not been compensated for
11 the $213,890.27 in costs advanced on behalf of HARRIS in connection with the litigation
12 against The KNIGHT Defendants or GILLIAM.

13

14     15.    Plaintiff has requested and defendants have refused to disclose the material
15 terms of the settlement or make any payment to the plaintiff. Plaintiff is informed and
16 believes and thereon alleges that HARRIS and The KNIGHT Defendants conspired to
17 conceal the settlement terms and payments from plaintiff and that the defendants willfully
18 and intentionally executed a settlement agreement in disregard of plaintiff's valid lien
19 rights. Plaintiff is informed and believes and thereon alleges that HARRIS and The
20 KNIGHT Defendants deliberately chose not to file a Partial Satisfaction of Judgment in
21 order to conceal the material terms of the settlement from plaintiff.

22

23     16.    The HARRIS Defendants have breached the material terms of the Agreement
24 by, among other things, failing and refusing to pay plaintiff for professional legal services
25 rendered on her behalf.

26

27     17.    As a result of HARRIS' breach of contract, plaintiff has been damaged in the
28 sum of $213,890.27 for unreimbursed costs expended, plus forty percent (40%) of any and

726070 1

5

1   all gross recovery, payments or consideration of any kind paid to HARRIS to date.  On

2   information and belief, plaintiff alleges that HARRIS has received a gross recovery to date

3   in a sum not less than $2 million.  Accordingly, plaintiff claims damage against HARRIS

4   in the sum of $1,013,890.27 plus interest for breach of contract.

5

6                              **SECOND CAUSE OF ACTION**

7                                  **QUANTUM MERUIT**

8         **(Plaintiff vs. The HARRIS Defendants and DOES 1 Through 25, Inclusive)**

9

10        18.    Plaintiff incorporates herein by reference paragraphs 1 through 17 of this

11  Complaint as though fully set forth herein.

12

13        19.    Within the past two years, plaintiff rendered legal services to The HARRIS

14  Defendants and incurred costs in connection with those legal services at the special request

15  of The HARRIS Defendants.  The HARRIS Defendants promised to pay plaintiff for those

16  legal services and costs.

17

18        20.    The reasonable value of the services and unpaid costs incurred by plaintiff

19  for the benefit of The HARRIS Defendants is in excess of $10 million.

20

21        21.    Despite plaintiff's demand for payment and information concerning the

22  settlement with The KNIGHT Defendants, HARRIS has refused and continues to refuse to

23  provide any information or pay any sums for the reasonable value of professional services

24  rendered on behalf of HARRIS.

25

26

27

28

726070.1

## THIRD CAUSE OF ACTION

## FOR MONEY HAD AND RECEIVED

### (Plaintiff vs. The HARRIS Defendants and DOES 1 Through 25, Inclusive)

22.    Plaintiff incorporates herein by reference paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23.    Plaintiff is informed and believes and thereon alleges that as a proximate result of professional legal services performed by plaintiff on behalf of The HARRIS Defendants, The HARRIS Defendants received payments or other consideration in satisfaction of the $107 million judgment against The KNIGHT Defendants.

24.    In equity and in good conscience, forty percent (40%) of any recovery to HARRIS should be paid to plaintiff.

25.    The HARRIS Defendants have refused to pay anything to plaintiff and have concealed the settlement terms from plaintiff.

## FOURTH CAUSE OF ACTION

## FOR AN ACCOUNTING

### (Plaintiff vs. All Defendants)

26.    Plaintiff incorporates herein by reference paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27.    Plaintiff has demanded an accounting of any and all gross recovery, payments or consideration of any kind or nature paid or transferred in satisfaction, in whole or in part, of the Judgment entered in LASC Case No. BC268857. The defendants,

726070.1

7

1  and each of them, have refused to provide any accounting of the consideration agreed to or

2  paid.

3

4  ///

5  ///

6  ///

7  ///

8  **FIFTH CAUSE OF ACTION**

9  **INTERFERENCE WITH CONTRACT**

10  **(Plaintiff vs. The KNIGHT Defendants, THA ROW RECORDS, LLC,**

11  **THA ROW, INC., DERMOT GIVENS and DOES 26 Through 100, Inclusive)**

12

13      28.    Plaintiff incorporates herein by reference paragraphs 1 through 28 of this

14  Complaint as though fully set forth herein.

15

16      29.    Defendants MARION H. KNIGHT, aka SUGE KNIGHT, DEATH ROW

17  RECORDS, INC., DEATH ROW RECORDS, LLC, THA ROW, INC., DERMOT

18  GIVENS, LYDIA HARRIS, LIFESTYLE RECORDS, INC., NEW IMAGE MEDIA

19  CORP. and DOES 26 through 100 were served with notice of plaintiff's lien on May 19,

20  2005. Defendant GILLIAM and DOES 70 through 80 were served with Notice of Lien on

21  the GILLIAM Judgment on September 9, 2005. The defendants, and each of them, by and

22  through their authorized representatives, had actual knowledge of plaintiff's valid contract

23  and lien.

24

25      30.    Plaintiff is informed and believes and thereon alleges that the judgment

26  debtors (The KNIGHT Defendants) and their attorney, DERMOT GIVENS, conspired

27  with HARRIS to deprive plaintiff of its lien rights. Plaintiff is informed and believes and

28  thereon alleges that The KNIGHT Defendants, DERMOT GIVENS and Does 26 through

726070.1

8

1  100 caused payments or other consideration to be made to HARRIS pursuant to the

2  judgment without notice to plaintiff and without satisfying any portion of plaintiff's valid

3  lien.    The Knight defendants and GIVENS made it more difficult, expensive or

4  burdensome to collect fees and costs which were earned.  The Knight defendants and

5  GIVENS either intended to prevent Harris from performing her contractual obligations to

6  plaintiff or knew that collection of fees and costs would be more expensive or burdensome

7  as a result of their conduct.

8

9      31.    The KNIGHT Defendants, GIVENS and Does 26 through 100 intentionally

10  interfered with plaintiff's valid contractual and/or equitable lien in an amount equal to the

11  payment or other consideration which has passed or will pass between KNIGHT and

12  GILLIAM on the one hand and HARRIS on the other hand.

13

14      32.    Plaintiff is informed and believes and thereon alleges that The KNIGHT

15  Defendants have provided payments or other consideration to HARRIS with a value in

16  excess of $2 million.  Accordingly, plaintiff alleges that said defendants' intentional

17  interference with plaintiff's contractual lien has caused damage to plaintiff in the sum of

18  $1,013,890.27 to date plus interest.

19

20              **SIXTH CAUSE OF ACTION**

21  **FOR ORDER GRANTING EQUITABLE ASSIGNMENT OF JUDGMENTS**

22  **(Plaintiff vs. The KNIGHT Defendants, GILLIAM, DOES 1 Through 25**

23  **and DOES 50 through 75, Inclusive)**

24

25      33.    Plaintiff incorporates herein by reference paragraphs 1 through 32 of this

26  Complaint as though fully set forth herein.

27

28      34.    HARRIS discharged plaintiff without cause after entry of judgment in the

726070.1

9

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1  sum of $107 million against The KNIGHT Defendants.

2

3      35.    Plaintiff is informed and believes and thereon alleges that HARRIS

4  discharged plaintiff for the primary purpose of concealing payments and violating

5  plaintiff's rights as set forth in the May 19, 2005 Notice of Lien, as well as violating

6  plaintiff's rights to a contingent fee from any recovery against GILLIAM.

7

8      36.    Plaintiff's contract with HARRIS created a lien upon the recovery whether

9  by settlement or judgment.  By reason of the professional services rendered, plaintiff is an

10  equitable assignee of the judgments or settlements to the extent of fees and costs which are

11  due plaintiff for services.   [*Siciliano v. Fireman's Fund Ins. Co.* (1976) 62 Cal.App.3d

12  745.]

13

14      37.    Plaintiff is informed and believes and thereon alleges that it is entitled to an

15  equitable assignment of forty percent (40%) of the judgments against The KNIGHT

16  Defendants and GILLIAM.

17

18              **SEVENTH CAUSE OF ACTION**

19              **FOR DECLARATORY RELIEF**

20              **(Plaintiff vs. All Defendants)**

21

22      38.    Plaintiff incorporates herein by reference paragraphs 1 through 37 of this

23  Complaint as though fully set forth herein.

24

25      39.    Plaintiff alleges that it has a valid lien on any and all recovery, payments, or

26  consideration of any kind or nature paid in satisfaction of the judgment against The

27  KNIGHT Defendants for forty percent (40%) of $107 million plus interest at the rate of

28  $29,315.00 per day plus costs expended in the sum of $213,890.27. Plaintiff alleges that it

726076.1

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1   has a valid lien on any and all recovery, payments, or consideration of any kind or nature

2   paid in satisfaction of the judgment against GILLIAM for forty percent (40%) of

3   $760,000.00 plus interest at the rate of $208.22 per day plus costs as aforementioned.

4   Plaintiff is informed and believes and thereon alleges that defendants contend that they had

5   or have the right to disregard plaintiff's lien and that KNIGHT and/or GILLIAM can make

6   payments in partial or total satisfaction of the judgment without paying anything to

7   plaintiff. Plaintiff contends to the contrary.

8

9      40.  Plaintiff contends that any settlement agreement between The KNIGHT

10   Defendants and HARRIS and/or any settlement between GILLIAM and HARRIS is void

11   to the extent that it purports to release, extinguish, impair or modify plaintiff's vested rights

12   to recover forty percent (40%) of the judgment plus costs as reflected in the attorney liens

13   served on May 19, 2005 and September 9, 2005.

14

15      41.  Plaintiff is informed and believes and thereon alleges that defendants

16   contend that they have or had the right to disregard, impair, release, diminish or extinguish

17   the lien rights of plaintiff.

18

19      42.  Plaintiff contends that any agreement between the defendants that was made

20   without the consent of plaintiff is a nullity as to plaintiff because any such agreement was a

21   fraud upon plaintiff, was made with unclean hands and without any consideration to

22   plaintiff's vested interests.  Plaintiff is informed and believes and thereon alleges that

23   defendants contend to the contrary.

24

25      43.  Plaintiff requests a judicial declaration that plaintiff may recover judgment

26   against The KNIGHT Defendants and its related entities and alter egos in the sum of forty

27   percent (40%) of $107 million plus interest at the rate of $27,315.00 per day from March

28   9, 2005.  Plaintiff also requests a judicial declaration that plaintiff may recover judgment

726070.1

11

1   against GILLIAM in the sum of forty percent (40%) of $760,000 plus interest at the rate of

2   $208.22 per day from February 5, 2004.

3

4                          **EIGHTH CAUSE OF ACTION**

5                          **FOR FRAUD AND DECEIT**

6                    **(Plaintiff vs. All The HARRIS Defendants)**

7

8       44.    Plaintiff incorporates herein by reference paragraphs 1 through 43 of this

9   Complaint as though fully set forth herein.

10

11      45.    The HARRIS Defendants made a promise to pay plaintiff for professional

12  services rendered.  At the time that the promise was made, The HARRIS Defendants did

13  not intend to pay plaintiff for professional services or costs advanced.

14

15      46.    The HARRIS Defendants made the promise with the intent to defraud

16  plaintiff.  That is, HARRIS made the promise for the purpose of inducing plaintiff to rely

17  upon it and to perform professional service on her behalf.

18

19      47.    Plaintiff was unaware of defendant's intention not to perform under the fee

20  agreement.  Plaintiff acted in reliance upon HARRIS' promise to pay and was justified in

21  relying upon the promises made by HARRIS.

22

23      48.    Plaintiff relied upon HARRIS by expending $213,000.00 in costs during

24  three years of litigation and spending thousands of attorney hours for professional services.

25

26      49.    Plaintiff is informed and believes and thereon alleges that on or about May

27  through June, 2005, The HARRIS Defendants conspired with HARRIS to deprive plaintiff

28  of its attorney lien rights by entering into a settlement agreement.  The ongoing settlement

726070.1

1 | negotiations and settlement terms were concealed from plaintiff.

2

3 |     50.    Defendants and each of them, by and through their representatives, falsely

4 | denied that any consideration had been paid to HARRIS in satisfaction of the judgment.

5 | Plaintiff relied upon these representations by delaying the filing of a lawsuit. Plaintiff is

6 | informed and believes and thereon alleges that plaintiff has been damaged by reason of

7 | these false representations because the defendants and each of them have taken advantage

8 | of the passage of time by hiding or concealing assets which were otherwise subject to levy

9 | by plaintiff.

10

11 |     WHEREFORE, plaintiff prays for judgment as follows:

12

13 |     1.    For special damages in the sum of $42,800,000.00 plus interest jointly and

14 | severally against The HARRIS Defendants, The KNIGHT Defendants and DERMOT

15 | GIVENS;

16

17 |     2.    For special damages in the sum of $304,000.00 plus interest from GILLIAM.

18

19 |     3.    For punitive damages against each of the defendants in the sum of $15

20 | million;

21

22 |     4.    For a judgment assigning to plaintiff forty percent (40%) of the March 9, 2005

23 | judgment against MARION H. KNIGHT and DEATH ROW RECORDS, INC.;

24

25 |     5.    For a judgment assigning to plaintiff forty percent (40%) of the March 26,

26 | 2004 judgment against GILLIAM;

27

28 |     6.    For a judicial declaration that any agreement by and between the defendants

726070.1

13

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1  which purports to affect the rights of the plaintiff is void;

2

3      7.      For the imposition of a constructive trust upon any proceeds paid to The

4  HARRIS Defendants in satisfaction of the judgments;

5

6      8.      For an accounting requiring the defendants to disclose to plaintiff the exact

7  terms of any and all settlement agreements reached between the defendants and any

8  consideration paid in satisfaction of the judgment;

9

10     9.      For a temporary restraining order, preliminary injunction and/or permanent

11  injunction freezing and/or attaching the assets of the defendants up to plaintiff's interest in

12  the underlying judgments;

13

14     10.     For costs of suit;

15

16     11.     For prejudgment interest;

17

18     12.     For such further relief which is just and proper.

19

20  DATED: September 2│, 2005        **HAIGHT, BROWN & BONESTEEL, LLP**
                                     PETER EZZELL
21                                   NANCY E. LUCAS

22

23                                   By: _____ for

24                                         PETER EZZELL
                                     Attorneys for Plaintiff, WASSERMAN,
25                                   COMDEN, CASSELMAN & PEARSON, L.L.P.

26

27

28

726070.1

                                     14
                        COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1

## LIST OF EXHIBITS

2

3  A.    Judgment in favor of HARRIS and NEW IMAGE MEDIA CORP. and
        against MARION H. KNIGHT, aka SUGE KNIGHT and DEATH ROW
4        RECORDS, INC.

5  B.    March 26, 2004, Court judgment in favor of HARRIS and her related
        business entity NEW IMAGE MEDIA CORP. and against GILLIAM in the
6        sum of $760,000 plus interest.

7  C.    May 19, 2005 Notice of Attorney Lien equal to forty percent (40%) of any
        and all gross recovery, payments or consideration of any kind or nature paid
8        or transferred in satisfaction, in whole or in part, of the Judgment against
        KNIGHT, et al. entered in LASC Case No. BC268857 (40% of $107 million
9        plus interest accruing at the rate of $29,315.00 per day) plus costs expended
        in the sum of $213,890.27.

10
   D.    September 9, 2005 Notice of Attorney Lien filed September 9, 2005 in the
11       sum of $304,000.00 plus interest.

12  E.   Notice of Settlement.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

726070.1

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF



1  DAVID B. CASSELMAN (SBN 81657)
   I.DONALD WEISSMAN (SBN 67980)
2  WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
   5567 Reseda Boulevard, Suite 330
3  Post Office Box 7033
   Tarzana, California 91357-7033
4  Telephone:   (818) 705-6800 • (323) 872-0995
   Facsimile:   (818) 705-8147
5
   Attorneys for Plaintiffs
6  LYDIA HARRIS and NEW IMAGE MEDIA
   CORPORATION
7

**FILED**
LOS ANGELES SUPERIOR COURT

APR 1 4 2005

JOHN A. CLARKE, CLERK
E. Martinez
BY ELIZABETH MARTINEZ, DEPUTY

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10

11  LYDIA HARRIS, LIFESTYLE          )   CASE NO. BC 268857
    RECORDS, INC., AND NEW IMAGE     )
12  MEDIA CORP..                     )
                                     )   Case Assigned to:
13            Plaintiffs,            )   Judge Ronald M. Sohigian - Dept. 41
                                     )
14       v.                         )   [Complaint Filed: February 26, 2002]
                                     )
15  KEVIN GILLIAM AKA BATTLECAT;     )
    MARION H. KNIGHT AKA SUGE        )
16  KNIGHT; DEATH ROW RECORDS;       )   NOTICE OF ENTRY OF JUDGMENT
    THA ROW, INC.; DAVID E. KENNER;  )
17  DAVID E. KENNER PROFESSIONAL     )
    LAW CORPORATION; DAVID E.        )
18  KENNER, A PROFESSIONAL           )
    CORPORATION; THE DAVID E.        )
19  KENNER TRUST; INTERSCOPE         )
    RECORDS; JIMMY IOVINE; JOHN T.   )
20  MCCLAIN, JR.; A&M RECORDS; ET    )
    AL.,                            )
21                                   )
             Defendants.             )
22  _____)

23  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

24

25       PLEASE TAKE NOTICE that pursuant to the Judgment dated March 9, 2005 (a true

26  and correct copy of which is attached hereto as Exhibit A), judgment was entered in the sum of

27  $107,000,000.00, together with interest thereon at the rate of ten (10) percent per year from

28  March 9, 2005, in favor of LYDIA HARRIS and NEW IMAGE MEDIA CORP. and against

1 | MARION H. KNIGHT, aka SUGE KNIGHT and DEATH ROW RECORDS.

2

3 | DATED: April 13, 2005

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.

By: _____
I. DONALD WEISSMAN
Attorneys for Plaintiffs
**LYDIA HARRIS and NEW IMAGE MEDIA
CORPORATION**

1  DAVID B. CASSELMAN (SBN 81657)
   I.DONALD WEISSMAN (SBN 67980)
2  WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
   5567 Reseda Boulevard, Suite 330
3  Post Office Box 7033
   Tarzana, California 91357-7033
4  Telephone:   (818) 705-6800 • (323) 872-0995
   Facsimile:   (818) 705-8147
5
6  Attorneys for Plaintiffs
   LYDIA HARRIS and NEW IMAGE MEDIA
7  CORPORATION

ORIGINAL FILED

MAR 09 2005

LOS ANGELES
SUPERIOR COURT

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF LOS ANGELES

10

11 LYDIA HARRIS, LIFESTYLE          )   CASE NO. BC 268857
   RECORDS, INC., AND NEW IMAGE     )
12 MEDIA CORP.,                     )
                                    )   Case Assigned to:
13          Plaintiffs,             )   Judge Ronald M. Sohigian - Dept. 41
                                    )
14     v.                           )   [Complaint Filed: February 26, 2002]
                                    )
15 KEVIN GILLIAM AKA BATTLECAT;     )
   MARION H. KNIGHT AKA SUGE        )        JUDGMENT
16 KNIGHT; DEATH ROW RECORDS;       )
   THA ROW, INC.; DAVID E. KENNER;  )
17 DAVID E. KENNER PROFESSIONAL     )
   LAW CORPORATION; DAVID E.        )
18 KENNER, A    PROFESSIONAL        )
   CORPORATION; THE DAVID E.        )
19 KENNER TRUST; INTERSCOPE         )
   RECORDS; JIMMY IOVINE; JOHN T.   )
20 MCCLAIN, JR.; A&M RECORDS; ET    )
   AL.,                             )
21                                  )
            Defendants.             )
22 _____ )

23

24     Upon the Order striking the Answer of MARION H. KNIGHT, aka SUGE KNIGHT, AND

25 DEATH ROW RECORDS, INC., aka DEATH ROW RECORDS L.L.C., and THA ROW, INC.,

26 to Plaintiffs' Complaint and entering default thereon, consideration of the Plaintiffs' Application

27 for Default Prove-up Damages and the supporting declarations of Lydia Harris, I.Donald

28 Weissman, Michael Harris and Phil Ames, and good cause appearing therefor,

Ex A

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

1       IT IS HEREBY ADJUDGED that judgment is entered in favor of plaintiffs, LYDIA

2  HARRIS and NEW IMAGE MEDIA CORP., and against defendants, MARION H. KNIGHT

3  aka SUGE KNIGHT, DEATH ROW RECORDS, INC., ~~a/k/a DEATH ROW RECORDS L.L.C.,~~

4  ~~and THE ROW, INC.~~, in the sum of $ 45,000,000 for economic damages,

5  $ 2,000,000 for non-economic damages, $ 60,000,000 for punitive damages.

6

7       Further, PLAINTIFFS to recover costs pursuant to a memorandum of costs to be filed

8  pursuant to the statute *IN THE AMOUNT OF $*_____.

9

10  Dated:    MAR 0 9 2005       RONALD M. SOHIGIAN

11                       JUDGE OF THE LOS ANGELES SUPERIOR COURT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

*WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.*
*5567 RESEDA BOULEVARD, SUITE 330*
*P.O. BOX 7033*
*TARZANA, CALIFORNIA 91357-7033*

**PROOF OF SERVICE**
Harris et al. v. Gilliam et al.
BC268857

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA. My business address is: 5567 Reseda Boulevard, Suite 330, Post Office Box 7033, Tarzana, California 91357-7033. I am over the age of 18 years and am not a party to this action.

On April 13, 2005, I served the following document(s) entitled **NOTICE OF ENTRY OF JUDGMENT** on ALL INTERESTED PARTIES in this action:

Dermot Damian Givens, Esq.          Attorney for defendant MARION H.
433 N. Camden Dr., Ste. 600         KNIGHT, DEATH ROW RECORDS
Beverly Hills, CA 90210             and THA ROW, INC.

☒   **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal Service. The correspondence, pleadings and other matters are deposited with the United States Postal Service with postage thereon fully prepaid in Tarzana, California, on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to _____ for delivery to the above address(es).

☐   **BY FAX:** I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown above.

☐   **BY PERSONAL SERVICE:** I served such envelope to be delivered by hand to the offices of the addressee(s).

☒   [State]   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐   [Federal]   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 13, 2005, at Tarzana, California.

BILLIE J. TOWE

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P. O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

400205.1                    *NOTICE OF ENTRY OF JUDGMENT*



COPY

1   DAVID B. CASSELMAN (SBN 81657)
    I.DONALD WEISSMAN  (SBN 67980)
2   WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
    5567 Reseda Boulevard, Suite 330
3   Post Office Box 7033
    Tarzana, California 91357-7033
4   Telephone:   (818) 705-6800 • (323) 872-0995
    Facsimile:   (818) 705-8147
5
    Attorneys for Plaintiffs
6   LYDIA HARRIS and NEW IMAGE MEDIA
    CORPORATION
7

FILED
LOS ANGELES SUPERIOR COURT

MAR 2 6 2004

JOHN A. CLARKE, CLERK
BY R. McGLOTHLIN, DEPUTY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10

11   LYDIA HARRIS, LIFESTYLE            )   CASE NO. BC 268857
     RECORDS, INC., AND NEW IMAGE       )
12   MEDIA CORP.,                       )
                                        )   Case Assigned to:
13               Plaintiffs,            )   Judge David A. Workman - Dept. 40
                                        )
14   v.                                 )   [Complaint Filed:  February 26, 2002]
                                        )
15   KEVIN GILLIAM AKA BATTLECAT;       )
     MARION H. KNIGHT AKA SUGE          )
16   KNIGHT;  DEATH ROW RECORDS;        )   ORDER CONFIRMING
     THA ROW, INC.; DAVID E. KENNER;    )   ARBITRATION AWARD AND
17   DAVID E. KENNER PROFESSIONAL       )   JUDGMENT
     LAW CORPORATION;  DAVID  E.        )
18   KENNER,  A    PROFESSIONAL         )
     CORPORATION;  THE  DAVID  E.       )
19   KENNER  TRUST;  INTERSCOPE         )
     RECORDS; JIMMY IOVINE; JOHN T.     )
20   MCCLAIN, JR.; A&M RECORDS; ET      )
     AL.,                               )
21                                      )
                 Defendants.            )
22   _____)

23                            ORDER

24

25        The petition of LYDIA HARRIS and NEW IMAGE MEDIA CORP. for an order

26   confirming an arbitration award came on regularly on February 5, 2004, at 8:30 a.m., in

27   Department 40 for hearing by the court.

28

1    Petitioners LYDIA HARRIS and NEW IMAGE MEDIA CORP. appeared by their

2   attorney of record, I.DONALD WEISSMAN, ESQ. of Wasserman, Comden, Casselman &

3   Pearson, L.L.P.  Respondent KEVIN GILLIAM aka BATTLECAT, through his counsel of

4   record filed a Notice of Non-Opposition to Plaintiffs' Petition to Conform.

6    Proof having been made to the satisfaction of the court that the petition should be

7   granted, IT IS ORDERED that the award of Hon. William S. Schoettler (Retired) dated

8   December 24, 2003, is confirmed in all respects and that judgment be entered in conformity

9   therewith.

11   DATED: *March 26, 2004*    By: _____

Judge of the Superior Court
DAVID A. WORKMAN

14    **JUDGMENT**

16    The award of Hon. William S. Schoettler (Retired) having been confirmed by order of this

17   court on February 5, 2004, IT IS ADJUDGED that petitioner NEW IMAGE MEDIA CORP.,

18   recover from respondent KEVIN GILLIAM aka BATTLECAT the sum of $760,000.00, together

19   with interest thereon at the rate of ten (10) percent per year from February 5, 2004, and costs of

20   this proceeding in the sum of $_____.

22   DATED: *March 26, 2004* By: _____

Judge of the Superior Court
DAVID A. WORKMAN

**PROOF OF SERVICE**
Harris et al, v. Gilliam et al.
BC268857

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA. My business address is: 5567 Reseda Boulevard, Suite 330, Post Office Box 7033, Tarzana, California 91357-7033. I am over the age of 18 years and am not a party to this action.

On March 9, 2004 I served the following document(s) entitled **ORDER CONFIRMING ARBITRATION AWARD AND JUDGMENT** on ALL INTERESTED PARTIES in this action:

Hayes F. Michel, Esq.                *Counsel for Kevin Gilliam, p/k/a*
PROSKAUER ROSE LLP                   *Battlecat*
2049 Century Park East, Suite 3200
Los Angeles, California  90067-3206
Tel.:  (310) 557-2900
Fax:   (310) 557-2193

☒    **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal Service. The correspondence, pleadings and other matters are deposited with the United States Postal Service with postage thereon fully prepaid in Tarzana, California, on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to _____ for delivery to the above address(es).

☐    **BY FAX:** I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown above.

☐    **BY PERSONAL SERVICE:** I served such envelope to be delivered by hand to the offices of the addressee(s).

☒    [State]    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐    [Federal]    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 9, 2004, at Tarzana, California.

BILLIE J. TOWE



1  DAVID B. CASSELMAN (SBN 81657)
   I.DONALD WEISSMAN (SBN 67980)
2  HOWARD S. BLUM (SBN 60609)
   WASSERMAN, COMDEN, CASSELMAN & PEARSON **CONFORMED COPY**
3  5567 Reseda Boulevard, Suite 330                    OF ORIGINAL FILED
   Post Office Box 7033                              Los Angeles Superior Court
4  Tarzana, California 91357-7033
   Telephone:  (818) 705-6800 • (323) 872-0995          MAY 19 2005
5  Facsimile:  (818) 705-8147
                                                  John A. Clarke, Executive Officer/Clerk
6  Attorneys for Plaintiffs
   **LYDIA HARRIS and NEW IMAGE MEDIA**          By _____, Deputy
7  **CORPORATION**                                        R. Arraiga

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10

11  **LYDIA HARRIS, LIFESTYLE**          )  CASE NO. **BC 268857**
    **RECORDS, INC., AND NEW IMAGE**     )
12  **MEDIA CORP.,**                     )
                                         )  Case Assigned to:
13            Plaintiffs,                )  Judge Ronald M. Sohigian - Dept. 41
                                         )
14       v.                             )  [Complaint Filed:  February 26, 2002]
                                         )
15  **KEVIN GILLIAM AKA BATTLECAT;**     )
    **MARION H. KNIGHT AKA SUGE**        )  **NOTICE OF ATTORNEY LIEN**
16  **KNIGHT; DEATH ROW RECORDS;**       )
    **THA ROW, INC.; DAVID E. KENNER;**  )
17  **DAVID E. KENNER PROFESSIONAL**     )
    **LAW CORPORATION; DAVID E.**        )
18  **KENNER, A PROFESSIONAL**           )
    **CORPORATION; THE DAVID E.**        )
19  **KENNER TRUST; INTERSCOPE**         )
    **RECORDS; JIMMY IOVINE; JOHN T.**   )
20  **MCCLAIN, JR.; A&M RECORDS; ET**    )
    **AL.,**                             )
21                                       )
              Defendants.                )
22  _____  )

23  TO:  JUDGMENT CREDITORS LYDIA HARRIS AND NEW IMAGE MEDIA CORP.;

24  JUDGMENT DEBTORS MARION H. KNIGHT AKA SUGE KNIGHT and DEATH ROW

25  RECORDS, INC.; DERMOT DAMIAN GIVENS AND ALL INTERESTED PARTIES:

26

27       PLEASE TAKE NOTICE that the law firm of Wasserman, Comden Casselman &

28  Pearson L.L.P. (hereinafter the "Firm"), hereby gives notice of its lien equal to forty percent

402923.1                           *NOTICE OF ATTORNEY LIEN*

1  (40%) of any and all gross recovery, payments, or consideration of any kind or nature paid or

2  transferred in satisfaction, in whole or in part, of the judgment entered in the above-referenced

3  action in the principal sum of $107,000,000.00, plus interest accruing at the rate of $29,315.00

4  per day.  Said percentage is to be applied after priority payment to the Firm of costs expended

5  in the sum of $213,890.27

6  .

7      PLEASE TAKE FURTHER NOTICE that Wasserman, Comden, Casselman &

8  Pearson L.L.P. must be named as a co-payee on any instrument or WRITING satisfying, in

9  whole or in part, said judgment.  Failure to include Wasserman, Comden, Casselman & Pearson

10  L.L.P. as a co-payee will subject the payor to liability for duplicate payment of the sums

11  transferred.

12

13      PLEASE TAKE FURTHER NOTICE that the judgment creditors must notify any

14  transferee or assignee of the judgment, or anyone claiming an interest in said judgment, of the

15  content and existence of this lien.

16

17  DATED: May 18, 2005          WASSERMAN, COMDEN, CASSELMAN &
                                  PEARSON L.L.P.
18

19

20  By: _____
                     DAVID B. CASSELMAN
21  Attorneys for Plaintiffs
    **LYDIA HARRIS and NEW IMAGE MEDIA**
22  **CORPORATION**

23

24

25

26

27

28

---

2

**PROOF OF SERVICE**
*Lydia Harris v. Kevin Gilliam, et al.*
(LASC Case No. BC 268857)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA. My business address is: 5567 Reseda Boulevard, Suite 330, Post Office Box 7033, Tarzana, California 91357-7033. I am over the age of 18 years and am not a party to this action

On May 19, 2005, I served the following document(s) entitled **NOTICE OF ATTORNEY LIEN** on ALL INTERESTED PARTIES in this action:

**SEE ATTACHED LIST**

☒    **BY MAIL**: By placing a true co⋯    ⋯in a sealed envelope addressed as above, and placi⋯ ⋯collect⋯ ⋯ollowing ordinary business practices. I am readily ⋯ ⋯ practice of collection and processing correspon⋯ ⋯er matters for mailing with the United States Postal Serv⋯ce⋯ ⋯ce, pleadings and other matters are deposited with the United Sta⋯ ⋯ service thereon fully prepaid in Tarzana, California, on the same day in the ordinar⋯ course of business. I am aware that on motion of the party served, service ⋯ ⋯med invalid if the postal cancellation date or postage meter⋯ ⋯more ⋯ lay after date of deposit for mailing in affidavit.

☐    **BY OVERNI**⋯ ⋯ed the ⋯ove-referenced document(s) to be delivered to _____ ⋯livery to the above address(es).

☐    **BY FAX:** ⋯ ⋯d a copy of the foregoing do⋯ ⋯ent(s) this date via telecopier to the facsi⋯ ⋯ers shown above.

☐    **BY PERS**⋯ ⋯RVICE: I served such envelope to be delivered by hand to the offices of the addres⋯e(s).

☒    [State] I decla⋯ ⋯der penalty of perjury under the laws of the State of California that ⋯ ⋯going is true and correct.

☐    [⋯] I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

May 19, 2005, at Tarzana, California.

Leslie Adler

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

3

●                                ●

## SERVICE LIST
*Lydia Harris v. Kevin Gilliam, et al.*
(LASC Case No. BC226857)

Lydia Harris
3910 Daphne Street
Houston, TX 77021

New Image Media Corp.
c/o Lydia Harris
3910 Daphne Street
Houston, TX 77021

Hayes F. Michel, Esq.
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, California 90067-3206
Tel.:   (310) 557-2900
Fax:   (310) 557-2193
*Counsel for Kevin Gilliam, p/k/a Battlecat*

Alan S. Gutman, Esq.
LAW OFFICES OF ALAN S. GUTMAN
9401 Wilshire Boulevard, Suite 575
Beverly Hills, California 90212-2918
Tel:   (310) 385-0700
Fax:   (310) 385-0710
*Counsel for Sony Music Entertainment, Inc.,
Relativity Entertainment, Inc. fka Relativity
Records, Inc., Loud Records, LLC and
Loud Records, Inc.*

Bart H. Williams, Esq.
Megan M. LaBelle, Esq.
MUNGER, TOLLES & OLSON, L.L.P.
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
Tel:   (213) 683-9295
Fax:   (213) 687-3702
*Counsel for Interscope Records , Jimmy Iovine,
John A. McClain, III, Aftermath Records and
Andre Young*

Joseph Golden, Esq.
Law Offices of Joseph Golden
10100 Santa Monica Boulevard; Suite 800
Los Angeles, CA 90067-4100
Tel.: (310) 772-2260
Fax: (310) 772-2299
*Counsel for TVT Records LLC and TVT Music,
Inc.*

Neil C. Erickson, Esq.
Katherine J. Kuneberger, Esq.
JEFFER, MANGELS, BUTLER &
MARMARO LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067-4308
Tel.: (310) 203-8080
Fax: (310) 203-0567
*Counsel for Marion H. Knight aka Suge Knight;
Death Row Records; Tha Row Records*

George L. Mallory, Jr., Esq.
MALLORY & ASSOCIATES
1925 Century Park East, Suite 2000
Los Angeles, CA 90067-2701
Tel: (310) 788-5555
Fax: (310) 788-5570
*Counsel for Hollywood Records, Inc.*

Death Row Records
8200 Wilshire Boulevard
P.O. Box 3037
Beverly Hills, CA 90212

Marion H. Knight
aka Suge Knight
c/o Death Row Records
8200 Wilshire Boulevard
P.O. Box 3037
Beverly Hills, CA 90212

Tha Row
8200 Wilshire Boulevard
P.O. Box 3037
Beverly Hills, CA 90212

Suge Publishing
c/o Death Row Records
8200 Wilshire Boulevard
P.O. Box 3037
Beverly Hills, CA 90212

Joseph A. Davis, Esq.
DAVIS AND WINSTON
9911 West Pico Boulevard
Suite 1400
Los Angeles, CA 900035
Tel: (310) 277-4662
*Counsel for Bad Boy Entertainment, Inc.*

4

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

1   Peter J. Anderson, Esq.
    LAW OFFICES OF PETER J. ANDERSON
2   100 Wilshire Boulevard, Suite #2010
    Santa Monica, California 90401
3   Tel:   (310) 260-6030
    Fax:   (310) 260-6040
4   *Counsel for Zomba Recording Corp.*

5   Daniel J. Aaron, Esq.
    DANIEL J. AARON, P.C.
6   11 Madison Avenue, 12th Floor
    New York, New York 10010
7   Tel:   (212) 684-4466
    Fax:   (212) 684-5566
8   *Co-Counsel for Koch Entertainment
    Distribution*

9

10  Dermot Damian Givens, Esq.
    433 North Camden Drive, #600
    Beverly Hills, CA 90210

James H. Turken, Esq.
Sharon A. Urias, Esq.
THELEN, REID & PRIEST LLP
333 South Hope Street, Suite 2900
Los Angeles, California 90071-3048
Tel:   (213) 576-8000
Fax:   (213) 576-8080
*Counsel for Priority Records, LLC*

Eve H. Wagner, Esq.
SAUER & WAGNER LLP
1801 Century Park East, Suite 520
Los Angeles, California 90067
Tel:   (310) 712-8100
Fax:   (310) 712-8108
*Co-Counsel for Koch Entertainment
Distribution*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WASSERMAN, COMDEN, CASSELMAN & PEARSON L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
P.O. BOX 7033
TARZANA, CALIFORNIA 91357-7033

318582.2                *NOTICE OF ATTORNEY LIEN*



# EXHIBIT "D"