1  DAVID B. CASSELMAN (Bar No. 81657)
   I. DONALD WEISSMAN (Bar No. 67980)
2  HOWARD S. BLUM (Bar No. 60603)
   **WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.**
3  5567 Reseda Boulevard, Suite 330
   Post Office Box 7033
4  Tarzana, California 91357-7033
   Telephone: (818) 705-6800 • (323) 872-0995
5  Facsimile: (818) 345-0162

6  Former Attorneys for Plaintiffs LYDIA
   HARRIS and NEW IMAGE MEDIA
7  CORPORATION

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10              **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

11

12  LYDIA HARRIS, LIFESTYLE            CASE NO. BC268857
    RECORDS, INC., AND NEW IMAGE
13  MEDIA CORP.,                       **NOTICE OF ATTORNEY LIEN**

14              Plaintiffs,            Assigned to the Honorable Ronald M.
                                       Sohigian (Dept. 41)
15         vs.
                                       [Complaint Filed: February 26, 2002]
16  KEVIN GILLIAM AKA BATTLECAT;
    MARION H. KNIGHT AKA SUGE
17  KNIGHT; DEATH ROW RECORDS;
    THA ROW, INC.; DAVID E. KENNER;
18  DAVID E. KENNER PROFESSIONAL
    LAW CORPORATION; DAVID E.
19  KENNER, A PROFESSIONAL
    CORPORATION; THE DAVID E.
20  KENNER TRUST; INTERSCOPE
    RECORDS; JIMMY IOVINE; JOHN T.
21  MCCLAIN, JR.; A&M RECORDS; ET
    AL.,
22
                Defendants.
23

24

25      TO JUDGMENT CREDITORS KEVIN GILLIAM aka BATTLECAT, THEIR

26  COUNSEL OF RECORD PROSKAUER ROSE LLP AND ALL INTERESTED

27  PARTIES:

28

726281.1

1   PLEASE TAKE NOTICE that the law firm of Wasserman, Comden, Cassleman &
2   Pearson, L.L.P. (hereinafter the "Firm"), hereby gives notice of its lien equal to forty
3   percent (40%) of any and all gross recovery, payments, or consideration of any kind or
4   nature paid or transferred in satisfaction, in whole or in part, of the judgment entered in the
5   above-referenced action in the principal sum of $760,000.00 together with interest thereon
6   at the rate of ten percent (10%) per year from February 5, 2004.

7

8   PLEASE TAKE FURTHER NOTICE that Wasserman, Comden, Cassleman &
9   Pearson, L.L.P. must be named as co-payee on any instrument or WRITING satisfying, in
10  whole or in part, said judgment. Failure to include Wasserman, Comden, Cassleman &
11  Pearson, L.L.P. as co-payee will subject the payor to liability for duplicate payment of the
12  sums transferred.

13

14  PLEASE TAKE FURTHER NOTICE that the judgment creditors must notify any
15  transferee or assignee of the judgment, or anyone claiming an interest in said judgment, of
16  the content and existence of this lien.

17

18  DATED: September _9_, 2005

    **WASSERMAN, COMDEN, CASSELMAN &**
19  **PEARSON, L.L.P.**
    DAVID B. CASSELMAN
    I.DONALD WEISSMAN
20  HOWARD S. BLUM

21

22  By: _Howard Blum_

23  HOWARD S. BLUM
    Former Attorneys for Plaintiffs LYDIA HARRIS
    and NEW IMAGE MEDIA CORPORATION

24

25

26

27

28

726281.1

WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1

**PROOF OF SERVICE**

2

HARRIS V. GILLIAM

3

Case No. BC268857

4

5    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

6        I am employed in the County of LOS ANGELES, STATE OF CALIFORNIA.  My
business address is 5567 Reseda Boulevard, Suite 330, Tarzana, California 91356.  I am
7    over the age of eighteen years and am not a party to the within action;

8        On September 9, 2005, I served the following document(s) entitled **NOTICE OF
ATTORNEY LIEN** on ALL INTERESTED PARTIES in this action by placing true
9    copies thereof enclosed in sealed envelopes addressed as follows:

10                          **SEE ATTACHED LIST**

11

12   **BY MAIL:**  By placing a true copy thereof in a sealed envelope addressed as above, and
placing it for and mailing following ordinary business practices.  I am readily familiar with
13   the firm's practice of collection and processing correspondence, pleadings and other
matters for mailing with the United States Postal Service.  The correspondence, pleadings
14   and other matters are deposited with the United States Postal Service with postage thereon
fully prepaid in Tarzana, California, on the same day in the ordinary course of business.  I
15   am aware that on motion of the party served, service is presumed invalid if the postal
cancellation date or postage meter date is more than one day after date of deposit for
16   mailing in affidavit.

17       I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

18

19       Executed on September 9, 2005, at Tarzana, California.

20

21                                          Natalie M. Halpern

22

23

24

25

26

27

28

726281.1

WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1

2

### SERVICE LIST
### HARRIS V. KNIGHT, MARIN 'SUGE'
### BC268857

3  Neil C. Erickson, Esq.
   Katherine J. Kuneberger, Esq.

4  JEFFER, MANGELS, BUTLER &
   MARMARO LLP

5  1900 Avenue of the Stars
   Seventh Floor

6  Los Angeles, CA 90067-4308
   Telephone: (310) 203-8080

7  Facsimile: (310) 203-0567

Attorneys for Marion H. Knight aka Suge
Knight, Death Row Records, Tha Row
Records

8  Dermot Damian Givens, Esq.
   433 North Camden Drive

9  Suite 600
   Beverly Hills, CA 90210

Attorneys for Marion H. Knight aka Suge
Knight, Death Row Records, Tha Row
Records

10

11  Hayes F. Michel, Esq.
    PROSKAUER ROSE LLP

12  2049 Century Park East
    Suite 3200

13  Los Angeles, CA 90067-3206
    Telephone: (310) 557-2900
    Facsimile: (310) 557-2193

Attorneys for KEVIN GILLIAM aka
BATTLECAT

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

726281.1

NOTICE OF ATTORNEY LIEN

WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033



CM-200

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):

Lydia Harris
3910 Daphne
~~Houston~~, Tx 77021

E-MAIL ADDRESS (Optional):          FAX NO. (Optional):
ATTORNEY FOR (Name):     (281) 330-4453

SUPERIOR COURT OF CALIFORNIA, COUNTY OF *Los Angeles*
STREET ADDRESS: *111 N. Hill St.*
MAILING ADDRESS:
CITY AND ZIP CODE: *LA., CA 90011*
BRANCH NAME: *Central District*

PLAINTIFF/PETITIONER: *Lydia Harris*

DEFENDANT/RESPONDENT: *Marion "Suge" Knight & Death Row Inc. Records*

**NOTICE OF SETTLEMENT**

**FOR COURT USE ONLY**

**FILED**
LOS ANGELES SUPERIOR COURT

JUN 17 2005

JOHN A. CLARKE, CLERK
*E. Martinez*
BY ELIZABETH MARTINEZ, DEPUTY

CASE NUMBER:
*BC 268 857*

JUDGE: *Ronald M. Sohigian*
DEPT: *41*

---

**NOTICE TO PLAINTIFF**

If you have not filed a request for dismissal within 45 days of the date this Notice of Settlement is received by the court or, if the settlement is conditional, within 45 days of the date specified in item 1b, the court must dismiss the case unless good cause is shown within that time why the case should not be dismissed.

---

To the court, all parties, and any arbitrator or other court-connected ADR neutral involved in this case:

1. This case has been settled. The settlement is:

   a. ☐ **Unconditional.** A request for dismissal will be filed within 45 days after the date of the settlement.
   Date of settlement:

   b. ☒ **Conditional.** The settlement agreement conditions dismissal of this matter on the satisfactory completion of specified terms that are not to be performed within 45 days of the date of the settlement. A request for dismissal will be filed no later than (date): *May 27, 2005*

2. Date initial pleading filed: *February 26, 2002*

3. Next scheduled hearing or conference:

   a. Purpose:

   b. Date:                    Time:

4. Trial date:

   a. ☒ No trial date set.

   b. ☐ Date:                  Time:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 18, 2005

TYPE OR PRINT NAME OF  ☐ ATTORNEY  ☒ PARTY WITHOUT ATTORNEY          *Lydia Harris*
                                                                      (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
CM-200 [New January 1, 2004]          **NOTICE OF SETTLEMENT**          Cal. Rules of Court, rule 225

American LegalNet, Inc. | www.USCourtForms.com

Exhibit
3

1  Peter Q. Ezzell (Bar No. 53497)
Nancy E. Lucas (Bar No. 126854)
2  HAIGHT BROWN & BONESTEEL LLP
6080 Center Drive, Suite 800
3  Los Angeles, CA 90045-1574
Telephone: 310.215.7100
4  Facsimile: 310.215.7300

5  David B. Casselman (Bar No. 91657)
Leonard J. Comden (Bar No. 56775)
6  Howard S. Blum (Bar No. 60603)
WASSERMAN, COMDEN & CASSELMAN, L.L.P.
7  5567 Reseda Boulevard, Suite 330
Post Office box 7033
8  Tarzana, CA 91357-7033
Telephone:   (818) 705-6800 * (323) 872-0995
9  Facsimile:   (818) 345-0162

10  Associated Attorneys for Plaintiff
WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.

11

12           SUPERIOR COURT OF THE STATE OF CALIFORNIA

13           FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

14

15  WASSERMAN, COMDEN,               )  Case No. BC 340196
CASSELMAN & PEARSON, L.L.P.,      )
16                                  )  [Assigned to Judge Ronald M. Sohigian,
Plaintiff,                   )  Dept. 41]
17        v.                        )
                                 )  FIRST AMENDED COMPLAINT
18  LYDIA HARRIS; LIFESTYLE          )
RECORDS, INC., NEW IMAGE MEDIA   )
19  CORP.; MARION H. KNIGHT, aka SUGE )
KNIGHT; DEATH ROW RECORDS,       )
20  INC.; DEATH ROW RECORDS, L.L.C.;  )  Complaint Filed:   September 21, 2005
THA ROW, INC.; DERMOT GIVENS;    )  Trial Date:        April 17, 2006
21  KEVIN GILLIAM aka BATTLECAT;     )
AND DOES 1 through 100, Inclusive, )
22                                  )
                                 )
23  Defendants.                   )
   _____)

24                    **GENERAL ALLEGATIONS**

25       1.    Plaintiff, WASSERMAN, COMDEN, CASSELMAN & PEARSON, L.L.P.

26  (hereinafter "WCCP") is a limited liability partnership organized and existing under the

27  laws of the State of California with its principal place of business in Tarzana, California.

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1
                              1
                 FIRST AMENDED COMPLAINT

1  The law firm of Wasserman, Comden, Casselman & Pearson, L.L.P., changed its name

2  effective January 1, 2006. It is now known as Wasserman, Comden & Casselman, L.L.P.

3      2.      Defendants LYDIA HARRIS (hereinafter "HARRIS"), MARION H.

4  KNIGHT, aka SUGE KNIGHT (hereinafter "KNIGHT"), DERMOT GIVENS (hereinafter

5  "GIVENS") and KEVIN GILLIAM aka BATTLECAT (hereinafter "GILLIAM") are

6  individuals who, at all material times resided in Los Angeles County, California.

7      3.      Plaintiff is informed and believes and thereon alleges that the remaining

8  defendants, LIFESTYLE RECORDS, INC., NEW IMAGE MEDIA CORP., DEATH

9  ROW RECORDS, INC., DEATH ROW RECORDS, L.L.C., and THA ROW, INC. are

10  business entities who were or are authorized to transact business in the State of California.

11      4.      Plaintiff is ignorant of the true names and capacities of defendants sued

12  herein as Does 1 through 100 and therefore sues these defendants by such fictitious names.

13  Plaintiff will amend this pleading to allege the true names and capacities of such Does

14  when ascertained. The conduct of Does I through 100 proximately caused damages to

15  plaintiff as alleged herein. DOES 1 through 25 are the alter egos of LYDIA HARRIS,

16  LIFESTYLE RECORDS, INC. and NEW IMAGE MEDIA CORP. (hereinafter "The

17  HARRIS Defendants"). DOES 26 through 50 are the alter egos of MARION H. KNIGHT,

18  aka SUGE KNIGHT and DEATH ROW RECORDS, INC. (hereinafter "The KNIGHT

19  Defendants"). DOES 51 through 75 are the alter egos of GILLIAM. Does 76-100 are the

20  persons and entities that knowingly interfered with plaintiffs contractual lien rights.

21      5.      On or about January 25, 2002, plaintiff and defendant HARRIS entered into

22  a written Contingency Fee Agreement in Los Angeles County, California whereby plaintiff

23  agreed to represent HARRIS in connection with liability claims against MARION H.

24  KNIGHT, aka SUGE KNIGHT and his related entity DEATH ROW RECORDS, INC, and

25  in connection with liability claims against GILLIAM. A copy of that written retainer

26  agreement is attached as Exhibit F, and is incorporated herein by this reference.

27      6.      Some of the material terms of the Contingency Fee Agreement include that

28  WCCP was authorized to incur reasonable costs and expenses in performing legal services

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

2

FIRST AMENDED COMPLAINT

1   and that "[HARRIS] agrees to reimburse [WCCP] for such costs and expenses in addition

2   to the contingency fee. . ."

3        7.    HARRIS discussed and agreed to a forty percent (40%) contingency fee and

4   acknowledged that the fee arrangement was fair and reasonable.

5        8.    HARRIS specifically negotiated a contingency fee arrangement and agreed

6   to allow a lien upon any recovery for payment of attorneys' fees, "to secure payment to

7   Attorney of all sums due under this Agreement for services rendered or costs advanced,

8   Client hereby grants Attorney a lien on Client's claim and any cause of action or lawsuit

9   filed thereon, and to any recovery Client may obtain, whether by settlement, judgment or

10  otherwise."

11       9.    Plaintiff has performed all conditions, covenants and promises of the

12  Agreement, and represented HARRIS vigorously and competently in her litigation against

13  the KNIGHT Defendants.  On February 26, 2002, plaintiff prepared and filed a complaint

14  for damages on behalf of The HARRIS Defendants, Los Angeles Superior Court Case

15  Number BC268857.

16       10.   Plaintiff prosecuted the HARRIS lawsuit from February 26, 2002, through

17  March 9, 2005 when the Court entered a money judgment in favor of HARRIS and her

18  related business entity NEW IMAGE MEDIA CORP. and against The KNIGHT

19  Defendants in the sum of $107 million ($45 million for economic damages, $2 million for

20  non-economic damages and $60 million for punitive damages).  A copy of the Judgment is

21  attached hereto and incorporated herein by reference as Exhibit A.  In addition, on March

22  26, 2004, the Court entered judgment in favor of HARRIS and her related business entity

23  NEW IMAGE MEDIA CORP. and against GILLIAM in the sum of $760,000 plus interest

24  (attached as Exhibit C).

25       11.   On or about May 19, 2005, HARRIS discharged plaintiff as her attorney.  On

26  or about May 20, 2005, HARRIS filed a Substitution of Attorney with the Court indicating

27  that she was representing herself.

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

3

FIRST AMENDED COMPLAINT

1    12.    On May 19, 2005, plaintiff filed and served on defendants a Notice of

2  Attorney Lien equal to forty percent (40%) of any and all gross recovery, payments or

3  consideration of any kind or nature paid or transferred in satisfaction, in whole or in part,

4  of the Judgment against KNIGHT, et al., entered in LASC Case No. BC268857 (40% of

5  $107 million, plus interest accruing at the rate of $29,315.00 per day), plus costs expended

6  in the sum of $213,890.27. (Exhibit C.) On September 9, 2005, plaintiff filed and served

7  on GILLIAM a Notice of Lien in the sum of $304,000.00 plus interest. (Exhibit D.)

8    13.    On June 17, 2005, HARRIS filed with the Court a "Notice of Settlement"

9  which represents that HARRIS and KNIGHT had agreed to a conditional settlement on

10  "specified terms that are not to be performed within 45 days of the settlement." The Notice

11  states that a Request for Dismissal will be filed no later than May 27, 2005 (40 days

12  earlier). By the terms of the "Notice of Settlement," the negotiations and settlement itself

13  occurred before a Substitution of Attorney was filed. None of the defendants notified

14  plaintiff of any such negotiations or settlement and the defendants have, affirmatively

15  concealed the fact of such negotiations and the settlement terms.

16    14.    It was reported on August 29, 2005 in the Los Angeles Times that HARRIS

17  has received the sum of $1.2 million as a result of the lawsuit. A "settlement" in the sum

18  of $1 million is reported by counsel for KNIGHT in this action. Plaintiff has received no

19  compensation for professional services rendered.



20    15.    Plaintiff has requested and defendants have refused to disclose the material

21  terms of the settlement or make any payment to the plaintiff. Plaintiff is informed and

22  believes and thereon alleges that HARRIS and The KNIGHT Defendants conspired to

23  conceal the true terms of any settlement agreement (if any), and the true sum(s) of any

24  payment(s) from plaintiff, and that the defendants willfully and intentionally executed one

25  or more settlement agreements, all in disregard of plaintiff's valid lien rights. Plaintiff is

26  informed and believes and thereon alleges that HARRIS and The KNIGHT Defendants

27  deliberately chose not to file a Partial Satisfaction of Judgment in order to conceal the

28  material terms of the settlement from plaintiff.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

4

FIRST AMENDED COMPLAINT



16.     Plaintiff is informed, and thereon alleges, that HARRIS negotiated a secret settlement agreement with the KNIGHT defendants that resulted in HARRIS being paid at least $1 million by the KNIGHT defendants. (HARRIS and the KNIGHT Defendants have since disagreed on whether that payment effectuated a full or partial payment under their settlement agreement, or whether a meeting of the minds occurred at all, so as to create a binding settlement agreement. Both parties have admitted that the $1 million was transferred from the KNIGHT Defendants to HARRIS to satisfy, in full or in part, the Judgment.) HARRIS claims, or has claimed, that she, through other counsel, Dermot Damien Givens, negotiated a purported settlement with the KNIGHT Defendants that would result in the KNIGHT Defendants paying her consideration including, among other things, the greater of $5.8 million paid to her annually on a specified date over five years, or the income generated from certain specified songs or intellectual properties owned by the KNIGHT Defendants.

17.     On further information and belief, plaintiff alleges that HARRIS has received other sums and assets from the KNIGHT Defendants, in partial satisfaction of the Judgment, the value of which is subject to proof at trial but which is believed to total not less than $2 million. Accordingly, plaintiff claims damage against HARRIS in the sum of 40 percent of any gross recoveries she obtained, or may obtain in the future, from all or any of the KNIGHT Defendants.

18.     As a result of this, plaintiff has been damaged by HARRIS' failure and refusal to pay for all or part the attorneys' fees called for in the Retainer Agreement, including but not limited to payment of forty percent (40%) of any and all gross recovery, payments or consideration of any kind paid to HARRIS to date. Other defendants have similarly caused damage by failing and refusing to acknowledge plaintiff's lien rights, or to actually pay or reserve any of the funds paid to HARRIS to satisfy the lien for attorneys' services properly put into place by plaintiff.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

5

FIRST AMENDED COMPLAINT

## FIRST CAUSE OF ACTIONFOR BREACH OF CONTRACT

### (Against Lydia Harris, Lifestyle Records, Inc., New Image Media Corp. and Does 1 through 25, Inclusive)

19.    Plaintiff incorporates by this reference all allegations and facts alleged in paragraphs 1 through 18, above.

20.    On or about January 25, 2002, plaintiff and defendant HARRIS entered into a written Contingency Fee Agreement in Los Angeles County, California whereby plaintiff agreed to represent HARRIS in connection with liability claims against MARION H. KNIGHT, aka SUGE KNIGHT and his related entity DEATH ROW RECORDS, INC, and in connection with liability claims against GILLIAM.  A copy of that written retainer agreement, attached as Exhibit F, is incorporated herein in full by this reference.

21.    Some of the material terms of the Contingency Fee Agreement include that WCCP is authorized to incur reasonable costs and expenses in performing legal services and that "[HARRIS] agrees to reimburse [WCCP] for such costs and expenses in addition to the contingency fee. . ."  The contingency fee negotiated byHARRIS was for forty percent (40%);  HARRIS acknowledged that the fee arrangement is fair and reasonable.

22.    The Contingency Fee Agreement negotiated by HARRIS further specifically included language granting plaintiff a lien upon any recovery, for payment of plaintiff's attorneys' fees, "to secure payment to Attorney of all sums due under this Agreement for services rendered or costs advanced, Client hereby grants Attorney a lien on Client's claim and any cause of action or lawsuit filed thereon, and to any recovery Client may obtain, whether by settlement, judgment or otherwise."

23.    Plaintiff has performed all conditions, covenants and promises of the Agreement.  On February 26, 2002, plaintiff prepared and filed a complaint for damages on behalf of The HARRIS Defendants, Los Angeles Superior Court Case Number BC268857.

24.    Plaintiff prosecuted the HARRIS lawsuit from February 26, 2002 through March 9, 2005 when the Court entered a money judgment in favor of HARRIS and her

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

6

FIRST AMENDED COMPLAINT

1   related business entity NEW IMAGE MEDIA CORP. and against The KNIGHT

2   Defendants in the sum of $107 million ($45 million for economic damages, $2 million for

3   non-economic damages and $60 million for punitive damages). A copy of the Judgment is

4   attached hereto and incorporated herein by reference as Exhibit A. In addition, on March

5   26, 2004, the Court entered judgment in favor of HARRIS and her related business entity

6   NEW IMAGE MEDIA CORP. and against GILLIAM in the sum of $760,000 plus interest.

7   (Exhibit B.)

8       25.    On or about May 19, 2005, HARRIS discharged plaintiff as her attorney. On

9   or about May 20, 2005, HARRIS filed a Substitution of Attorney with the Court indicating

10  that she was representing herself.

11      26.    On May 19, 2005, plaintiff filed and served on defendants a Notice of

12  Attorney Lien equal to forty percent (40%) of any and all gross recovery, payments or

13  consideration of any kind or nature paid or transferred in satisfaction, in whole or in part,

14  of the Judgment against KNIGHT, et al., entered in LASC Case No. BC268857 (40% of

15  $107 million plus interest accruing at the rate of $29,315.00 per day) plus costs expended

16  in the sum of $213,890.27. (Exhibit C.) On September 9, 2005, plaintiff filed and served

17  on GILLIAM a Notice of Lien in the sum of $304,000.00 plus interest. (Exhibit D.)

18      27.    On June 17, 2005, HARRIS filed with the Court a "Notice of Settlement"

19  which represents that HARRIS and KNIGHT had agreed to a conditional settlement on

20  "specified terms that are not to be performed within 45 days of the settlement." The

21  Notice states that a Request for Dismissal will be filed no later than May 27, 2005 (40 days

22  earlier). By the terms of the "Notice of Settlement," the negotiations and settlement itself

23  occurred before a Substitution of Attorney was filed. None of the defendants notified

24  plaintiff of any such negotiations or settlement and the defendants have, affirmatively

25  concealed the fact of such negotiations and the settlement terms.

26      28.    The HARRIS Defendants have breached the material terms of the

27  Contingency Fee Agreement by, among other things, failing and refusing to pay plaintiff

28  for professional legal services rendered on her behalf.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

7

FIRST AMENDED COMPLAINT

1    29.    As a result of HARRIS' breach of contract, plaintiff has been damaged by

2  HARRIS' failure and refusal to pay for all or part the attorneys' fees called for in the

3  Retainer Agreement, including but not limited to payment of forty percent (40%) of any

4  and all gross recovery, payments or consideration of any kind paid to HARRIS to date.

5    30.    Plaintiff is informed, and thereon alleges, that its damages include, but are

6  not limited to, HARRIS's failure and refusal to pay anything at all to plaintiff out of the $1

7  million secret purported settlement paid by or through the KNIGHT Defendants to

8  HARRIS in or about June 2005.  Refusal to pay any sum at all to the plaintiff out of that $1

9  million violates plaintiff's lien rights, and is a breach of HARRIS' Retainer Fee

10  Agreement with plaintiff.  No other payments have been made by HARRIS to plaintiff

11  from any other payments or transfers made to HARRIS by or on behalf of the KNIGHT

12  Defendants (if any), in further violation of plaintiff's lien rights and in further breach of

13  HARRIS' Retainer Fee Agreement with plaintiff.

## SECOND CAUSE OF ACTION

## QUANTUM MERUIT

### (Plaintiff vs. The HARRIS Defendants and DOES 1 Through 25, Inclusive)

17    31.    Plaintiff incorporates herein by reference paragraphs 1 through 18 of this

18  First Amended Complaint as though fully set forth herein.

19    32.    Within the past two years, plaintiff rendered legal services to The HARRIS

20  Defendants and incurred costs in connection with those legal services at the special request

21  of the HARRIS Defendants.  The HARRIS Defendants promised to pay plaintiff for those

22  legal services and costs.  Neither the HARRIS Defendants nor plaintiff reasonably

23  expected or believed that plaintiff would provide legal services, and prepay legal costs, on

24  behalf of the HARRIS Defendants for no compensation at all.

25    33.    Upon plaintiff's information and belief, the reasonable value of the services

26  and unpaid costs incurred by plaintiff for the benefit of The HARRIS Defendants may

27  exceed $10 million.

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

8

FIRST AMENDED COMPLAINT

1     **Plaintiff has repeatedly demanded from the HARRIS Defendants information**

2     **concerning any purported settlement with The KNIGHT Defendants, or the receipt**

3     **of payments from or on behalf of the KNIGHT Defendants. The HARRIS**

4     **Defendants have refused and continue to refuse to provide completely and accurately**

5     **any such information, or pay any sums for the reasonable value of professional**

6     **services rendered on behalf of HARRIS.THIRD CAUSE OF ACTION**

7     **FOR MONEY HAD AND RECEIVED**

8     **(Plaintiff vs. The HARRIS Defendants and DOES 1 Through 25, Inclusive)**

9      35.     Plaintiff incorporates herein by reference paragraphs 1 through 18 of this

10   First Amended Complaint as though fully set forth herein.

11      36.     Plaintiff is informed and believes and thereon alleges that as a proximate

12   result of professional legal services performed by plaintiff on behalf of The HARRIS

13   Defendants, The HARRIS Defendants received payments or other consideration in full or

14   partial satisfaction of the $107 million judgment against The KNIGHT Defendants.

15      37.     In equity and in good conscience, forty percent (40%) of any recovery to

16   HARRIS should be paid to plaintiff.

17      38.     The HARRIS Defendants have refused to pay anything to plaintiff for the

18   attorneys' fees it incurred, in good faith, on her behalf, and in reliance on HARRIS'

19   written promise to pay plaintiff forty (40) percent of any recovery she obtained against the

20   KNIGHT Defendants. One or more of The HARRIS Defendants received a sum of money

21   from or on behalf of the KNIGHT Defendants, in full or partial satisfaction of the

22   Judgment; upon information and belief, plaintiff contends that this sum was at least $1

23   million. HARRIS, the KNIGHT Defendants, and Dermot Damien Givens concede that at

24   least $1 million was paid by or on behalf of the KNIGHT Defendants to HARRIS, and that

25   no notice of that settlement or payment was given to plaintiff. No fees have been paid to

26   plaintiff from any other transfer of money or assets to or on behalf of the HARRIS

27   Defendants by or on behalf of the KNIGHT Defendants, with the actual knowledge and

28   assistance of their attorney, Dermot Damien Givens, in full or partial satisfaction of the

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

9

FIRST AMENDED COMPLAINT

1   Judgment.  The HARRIS Defendants have instead concealed the terms of any purported

2   settlement with the KNIGHT Defendants from plaintiff, or has hidden the fact of payments

3   made to or on behalf of the HARRIS Defendants from or on behalf of the KNIGHT

4   Defendants.

5

6                  **FOURTH CAUSE OF ACTION**

7                    **FOR AN ACCOUNTING**

8               **(Plaintiff vs. All Defendants)**

9       39.    Plaintiff incorporates herein by reference paragraphs 1 through 18, and 36

10  through 38 of this First Amended Complaint as though fully set forth herein.

11      40.    Plaintiff has demanded an accounting of any and all gross recovery,

12  payments or consideration of any kind or nature paid or transferred in satisfaction, in

13  whole or in part, of the Judgment entered in LASC Case No. BC268857.  The defendants,

14  and each of them, have refused to provide any accounting of the consideration agreed to or

15  paid.  Plaintiff therefore now requests that this court order a full and complete accounting

16  of all sums or assets received by or on behalf of any of The HARRIS Defendants, or any of

17  their agents or persons acting on their behalf, from or on behalf of any of the KNIGHT

18  Defendants, or from any other entity or source, in partial or full satisfaction of the

19  Judgment.

20

21                   **FIFTH CAUSE OF ACTION**

22             **INTERFERENCE WITH CONTRACT**

23     **(Plaintiff vs. The KNIGHT Defendants, THA ROW RECORDS, LLC,**

24  **THA ROW, INC., DERMOT GIVENS and DOES 26 Through 100, Inclusive)**

25      41.    Plaintiff incorporates herein by reference paragraphs 1 through 18 of this

26  First Amended Complaint as though fully set forth herein.

27      42.    Defendants MARION H. KNIGHT, aka SUGE KNIGHT, DEATH ROW

28  RECORDS, INC., DEATH ROW RECORDS, LLC, THA ROW, INC., DERMOT

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

10

FIRST AMENDED COMPLAINT

1  GIVENS, LYDIA HARRIS, LIFESTYLE RECORDS, INC., NEW IMAGE MEDIA

2  CORP. and DOES 26 through 100 were served with notice of plaintiffs lien on May 19,

3  2005. Defendant GILLIAM and DOES 70 through 80 were served with Notice of Lien on

4  the GILLIAM Judgment on September 9, 2005. The defendants, and each of them, by and

5  through their authorized representatives, had actual knowledge of plaintiff's valid contract

6  and lien.

7       43.    Plaintiff is informed and believes and thereon alleges that the judgment

8  debtors (The KNIGHT Defendants) and their attorney, DERMOT GIVENS, conspired

9  with HARRIS to deprive plaintiff of its lien rights. Plaintiff is informed and believes and

10  thereon alleges that The KNIGHT Defendants, DERMOT GIVENS and Does 26 through

11  100 caused payments or other consideration to be made to HARRIS pursuant to the

12  judgment without notice to plaintiff and without satisfying any portion of plaintiffs valid

13  lien. The Knight defendants and GIVENS made it more difficult, expensive or

14  burdensome to collect fees and costs which were earned. The Knight defendants and

15  GIVENS either intended to prevent Harris from performing her contractual obligations to

16  plaintiff or knew that collection of fees and costs would be more expensive or burdensome

17  as a result of their conduct.

18       44.    The KNIGHT Defendants, GIVENS and Does 26 through 100 intentionally

19  interfered with plaintiffs valid contractual and/or equitable lien in an amount equal to the

20  payment or other consideration which has passed or will pass between KNIGHT and

21  GILLIAM on the one hand and HARRIS on the other hand.

22       45.    Plaintiff is informed and believes and thereon alleges that The KNIGHT

23  Defendants have provided payments or other consideration to HARRIS with a value in

24  excess of $2 million. Accordingly, plaintiff alleges that, to date, said defendants'

25  intentional interference with plaintiff's contractual lien rights has caused damage to

26  plaintiff in a sum exceeding $1,013,890.27, or forty (40) percent of any actual payments

27  made by or on behalf of the KNIGHT Defendants to the HARRIS Defendants, plus

28  interest.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

11

FIRST AMENDED COMPLAINT

1

## SIXTH CAUSE OF ACTION

## FOR ORDER GRANTING EQUITABLE ASSIGNMENT OF JUDGMENTS

## (Plaintiff vs. The KNIGHT Defendants, GILLIAM, Lydia Harris, and

## DOES 1 Through 25

## and DOES 50 through 75, Inclusive)

46.     Plaintiff incorporates herein by reference paragraphs 1 through 18 and 36 through 38 of this First Amended Complaint as though fully set forth herein.

47.     HARRIS discharged plaintiff without cause after entry of judgment in the sum of $107 million against The KNIGHT Defendants.

48.     Plaintiff is informed and believes and thereon alleges that HARRIS discharged plaintiff for the primary purpose of concealing payments and violating plaintiffs contractual right to collect a contingency fee based upon any recovery in the underlying lawsuit, as well as in violation of its rights as set forth in the May 19, 2005 Notice of Lien, as well as violating plaintiffs rights to a contingent fee from any recovery against GILLIAM.

49.     Plaintiffs contract with HARRIS created a lien upon the recovery whether by settlement or judgment.  By reason of the professional services rendered, plaintiff is an equitable assignee of the judgments or settlements to the extent of fees and costs which are due plaintiff for services.  [*Siciliano v. Fireman's Fund Ins. Co.* (1976) 62 Cal.App.3d 745.]

50.     Plaintiff is informed and believes and thereon alleges that it is entitled to an equitable assignment of forty (40) percent of the judgments against The KNIGHT Defendants and GILLIAM, and/or forty (40) percent of any settlement or other recoveries obtained by or on behalf of the HARRIS Defendants from or on behalf of the KNIGHT Defendants.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

12

FIRST AMENDED COMPLAINT

## SEVENTH CAUSE OF ACTION FOR DECLARATORY RELIEF

### (Plaintiff vs. All Defendants)

51.     Plaintiff incorporates herein by reference paragraphs 1 through 18 and 36 through 38 of this First Amended Complaint as though fully set forth herein.

52.     Plaintiff alleges that it has a valid lien on any and all recovery, payments, or consideration of any kind or nature paid in satisfaction of the judgment against The KNIGHT Defendants for forty percent (40%) of $107 million plus interest at the rate of $29,315.00 per day plus costs expended in the sum of $213,890.27.  Plaintiff alleges that it has a valid lien on any and all recovery, payments, or consideration of any kind or nature paid in satisfaction of the judgment against GILLIAM for forty percent (40%) of $760,000.00 plus interest at the rate of $208.22 per day plus costs as aforementioned. Plaintiff is informed and believes and thereon alleges that defendants contend that they had or have the right to disregard plaintiffs lien and that KNIGHT and/or GILLIAM can make payments in partial or total satisfaction of the judgment without paying anything to plaintiff.  Plaintiff contends to the contrary.

53.     Plaintiff contends that any settlement agreement between The KNIGHT Defendants and HARRIS and/or any settlement between GILLIAM and HARRIS is void to the extent that it purports to release, extinguish, impair or modify plaintiffs vested rights to recover forty percent (40%) of the judgment plus costs as reflected in the attorney liens served on May 19, 2005 and September 9, 2005.

54.     Plaintiff is informed and believes and thereon alleges that defendants contend that they have or had the right to disregard, impair, release, diminish or extinguish the lien rights of plaintiff.

55.     Plaintiff contends that any agreement between the defendants that was made without the consent of plaintiff is a nullity as to plaintiff because any such agreement was a fraud upon plaintiff, was made with unclean hands and without any consideration to plaintiffs vested interests.  Plaintiff is informed and believes and thereon alleges that defendants contend to the contrary.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

13
FIRST AMENDED COMPLAINT

56.    Plaintiff requests a judicial declaration that plaintiff may recover judgment against The KNIGHT Defendants and its related entities and alter egos in the sum of forty percent (40%) of $107 million plus interest at the rate of $27,315.00 per day from March 9, 2005.  Plaintiff also requests a judicial declaration that plaintiff may recover judgment against GILLIAM in the sum of forty percent (40%) of $760,000 plus interest at the rate of $208.22 per day from February 5, 2004.

WHEREFORE, plaintiff prays for judgment as follows:

1.    For special damages in the sum of $42,800,000.00 plus interest jointly and severally against The HARRIS Defendants, The KNIGHT Defendants and DERMOT GIVENS, or according to proof;

2.    For special damages in the sum of $304,000.00 plus interest from GILLIAM, or according to proof, **and**

3.    For a judgment assigning to plaintiff forty percent (40%) of the March 9, 2005 judgment against MARION H. KNIGHT and DEATH ROW RECORDS, INC., **and/or;**

4.    For a judgment assigning to plaintiff forty percent (40%) of the March 26, 2004 judgment against GILLIAM.  Further, plaintiff requests:

5.    A judicial declaration that any agreement by and between the defendants which purports to affect the rights of the plaintiff is void;

6.    The imposition of a constructive trust upon any proceeds paid to The HARRIS Defendants in satisfaction of the judgments;

7.    An accounting, requiring the defendants to disclose to plaintiff the exact arms of any and all settlement agreements reached between the defendants and any consideration paid in satisfaction of the judgment;

8.    A temporary restraining order, preliminary injunction and/or permanent injunction freezing and/or attaching the assets of the defendants up to plaintiffs interest in the underlying judgments;

9.    Its costs of suit;

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

14

FIRST AMENDED COMPLAINT

1    10.    Prejudgment interest, as provided by law;  and

2    11.    Such further relief which is just and proper.

3    Dated: April 3, 2006                    HAIGHT BROWN & BONESTEEL LLP;
                                             WASSERMAN, COMDEN &
4                                            CASSELMAN, L.L.P.

6    By: _____

7    Peter Q. Ezzell
     Nancy E. Lucas
8    Stephen M. Caine;
     David B. Casselman
9    Leonard J. Comden
     Attorneys for PlaintiffWASSERMAN,
10   COMDEN, CASSELMAN &
     PEARSON, L.L.P.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

15

FIRST AMENDED COMPLAINT

## LIST OF EXHIBITS

A.    Judgment in favor of HARRIS and NEW IMAGE MEDIA CORP. and against MARION H. KNIGHT, aka SUGE KNIGHT and DEATH ROW RECORDS, INC.

B.    March 26, 2004, Court judgment in favor of HARRIS and her related business entity NEW IMAGE MEDIA CORP. and against GILLIAM in the sum of $760,000 plus interest.

C.    May 19, 2005 Notice of Attorney Lien equal to forty percent (40%) of any and all gross recovery, payments or consideration of any kind or nature paid or transferred in satisfaction, in whole or in part, of the Judgment against KNIGHT, et al. entered in LASC Case No. BC268857 (40% of $107 million plus interest accruing at the rate of $29,315.00 per day) plus costs expended in the sum of $213,890.27.

D.    September 9, 2005 Notice of Attorney Lien filed September 9, 2005 in the sum of $304,000.00, plus interest.

E.    Notice of Settlement, filed June 17, 2005.

F.    Contingency Fee Agreement.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

16

FIRST AMENDED COMPLAINT

# PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA )
)   ss.:
COUNTY OF LOS ANGELES )

*WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS*
*BC 340196*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 6080 Center Drive, Suite 800, Los Angeles, CA 90045-1574.

On April 3, 2006, I served on interested parties in said action the within:

FIRST AMENDED COMPLAINT

[X]   (MAIL) by placing a true copy thereof in sealed envelope(s) addressed as stated on the attached service list.

I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

Executed on April 3, 2006, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Theresa Welsch
_____          _____
(Type or print name)                                      (Signature)

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

17

FIRST AMENDED COMPLAINT

MAILING LIST
WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS
BC 340196

| | |
|---|---|
| David B. Casselman<br>Wasserman Comden, Casselman & Pearson<br>5567 Reseda Blvd., #330<br>Tarzana, CA 91357<br><br>Tel:    818-705-6800<br>Fax:    818-705-8634<br>hblum@wcclaw.com | Gary S. Soter<br>Pearson, Soter, Warshaw & Penny<br>15165 Ventura Blvd., #400<br>Sherman Oaks, CA 91403<br><br>Tel:    818-788-8300<br>Fax:    818-788-8104<br>gsoter@pswplaw.com |
| Kevin Gilliam<br>1502 South Alpine Dr.<br>West Covina, CA 91791<br><br>[Pro Per] | |

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

18
FIRST AMENDED COMPLAINT

## PROOF OF SERVICE BY OVERNIGHT DELIVERY

STATE OF CALIFORNIA          )
                             )  ss.:
COUNTY OF LOS ANGELES        )

*WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS*
*BC 340196*

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 6080 Center Drive, Suite 800, Los Angeles, CA 90045-1574.

    On April 3, 2006, I served on interested parties in said action the within:

FIRST AMENDED COMPLAINT

    I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated on the attached service list, with fees for overnight delivery paid or provided for.

    Executed on April 3, 2006, at Los Angeles, California.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| Theresa Welsch | |
|---|---|
| (Type or print name) | (Signature) |

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

23
FIRST AMENDED COMPLAINT

03/24/06 4:18 PM
Draft

MAILING LIST
WASSERMAN v. LYDIA HARRIS; LIFESTYLE RECORDS
BC 340196

1

2

3 | Rex Julian Beaber
1546 Calmar Court
4 | Los Angeles, CA 90024

Dermot Damian Givens
433 North Camden Dr., #600
Beverly Hills, CA 90210

5 | Tel:   557-1198
Fax:
6 | Xerxers@aol.com

Tel:   310-854-8823
Fax:   323-878-0416
dermotg@aol.com

7 | Debra V. Crawford
P.O. Box 373, SW Mission & 4th, #5
8 | Carmel, CA 93921-0373

Steven M. Goldberg
Russ, August & Kabat
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025

9 | Tel:   831-624-2422
Fax:   831-624-2428
10 | ddvcrawford@earthlink.net

Tel:   310-979-8274
Fax:   310-826-6991

11

12 | Laurence D. Strick
Law Office of Laurence D. Strick
339 N. Sycamore Ave., # 2
13 | Los Angeles, CA 90036

Larry Nagelberg
Nagelberg & Associates
The Tower, Suite 2150
10940 Wilshire Blvd.
Los Angeles, CA 90024

14 | Tel: (323) 964-5231
Fax: (323) 964-8135
15

larrystrick@yahoo.com

Tel: (310) 208-3220
Fax: (310) 208-3830

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

WC11-0000007
3123884.1

03/24/06 4:18 PM
Draft